UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| GEORGE HEGWOOD-METCALF, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO.: 3:09-CV-453-TS |
|  | ) |  |
| MIAMI CORRECTIONAL FACILITY SUPERINTENDENT MARK SEVIER, *et al.*, | ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

This matter is before the Court on Defendant Sevier's Motion to Dismiss Plaintiff's First Amended Complaint [DE 13], filed on December 28, 2009, and the Plaintiff's Response to Defendant's Motion to Dismiss [DE 15]. For the reasons stated in this Opinion and Order, the Motion is granted.

## AMENDED COMPLAINT ALLEGATIONS

The Plaintiff, George Hegwood-Metcalf, is an inmate at the Miami Correctional Facility (MCF) in Bunker Hill, Indiana. His suit arises out of injuries he sustained on December 6, 2007, when a fellow inmate physically attacked him inside his cell. The Plaintiff alleges that staff at the MCF, including three captains and one correctional officer, failed to protect him from this attack. He states that the captains were responsible for monitoring and controlling prisoners on the Plaintiff's cell block and for ensuring that it was adequately staffed, that it was reasonably foreseeable that a failure to schedule adequate staff to monitor and control the cell block would result in attacks and injuries to inmates, and that the captains' negligent breach of these duties was a direct and proximate cause of his injuries. The Plaintiff alleges that an MCF correctional

officer likewise breached a duty of care when he failed to monitor, circulate on, or control the Plaintiff's cell block on the evening of the attack, and failed to take reasonable steps to prevent or promptly intervene to stop the attack on him. The Plaintiff alleges that each of the individually named Defendants acted with reckless disregard and deliberate indifferent to the known danger of attack posed by an improperly staffed, monitored, and controlled prison block, all in violation of the Plaintiff's constitutionally protected right to be free from cruel and unusual punishment.

The Plaintiff has sued Superintendent Mark Sevier in his official capacity pursuant to 42 U.S.C. § 1983, alleging that he is the official "responsible for the polices, practices, procedures and customs, or lack thereof, that were in effect" at the MCF, and which "allowed the Plaintiff to be attacked by fellow inmates, subjecting him to cruel and unusual punishment" in violation of his constitutional rights. (Pl.'s Am. Compl. ¶ 3.) The Plaintiff also sues Sevier in his representative capacity as the employer of the named staff members who is "liable for the negligent acts and omissions . . . under a theory of *respondeat superior*." (*Id.* ¶ 4.)

## ANALYSIS

A.   **Section 1983 Claim**

Defendant Sevier moves to dismiss the Plaintiff's § 1983 claim against him on grounds that a suit against him as a state official is a suit against the state itself, which is not a person under § 1983. *See Will v Mich. Dep't of State Police*, 491 U.S. 50, 71 (1989); *Garcia v. City of Chi.*, 24 F.3d 966, 969 (7th Cir. 1994); *Am. Fed'n of State, County and Fed. Employees v. Tristano*, 898 F.2d 1302, 1306 (7th Cir. 1990). Additionally, the Defendant claims that the State

of Indiana is entitled to sovereign immunity. *See Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005) ("[S]tate officials in their official capacities are . . . immune from suit under the Eleventh Amendment.") "The Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment." *Id.* Indiana has not elected to waive its Eleventh Amendment immunity. *Meadows v. State of Ind.*, 854 F.2d 1068, 1069 (7th Cir. 1988).

In response to these arguments and "upon review of this matter," the "Plaintiff abandons his official capacity claim against Superintendent Mark Sevier." (Pl.'s Resp. 1, DE 15.) In accordance with the above-cited law and the Plaintiff's response to the Defendant's Motion, the § 1983 claim against Sevier will be dismissed.

**B.    State Law Negligence Claims**

The Plaintiff's negligence claim against the Defendant is premised on the theory of *respondeat superior*. Under this doctrine, an employer is vicariously liable for the wrongful or tortious acts of its employees that were committed within the course and scope of their employment. *Barnett v. Clark*, 889 N.E.2d 281, 283 (Ind. 2008); *Shelby v. Truck & Bus Group Div. of Gen. Motors Corp.*, 533 N.E.2d 1296, 1298 (Ind. Ct. App. 1989) (stating that the "doctrine creates liability for an employer, where it would not otherwise exist, where an employee acting within the scope of employment commits a tort"). The Defendant asserts that he is not the employer of the named Defendants, and thus cannot be held vicariously liable for their purported negligent acts. *See Kahrs v. Conely*, 729 N.E.2d 191, 194 (Ind. Ct. App. 2000)

3

(holding that the defendant had no duty to the plaintiff under theory that it was negligent in the employment of the tortfeasor unless the tortfeasor was the defendant's employee). The Defendant notes that Indiana statute does not give him the authority to hire or fire employees. He contends that, even if he had managerial responsibilities, he is not an employer as defined by Indiana law but was still only an employee himself.

In response, the Plaintiff asserts that he "will not proceed forward with a State claim against Superintendent Sevie[r], although Plaintiff still intends to proceed with a representative capacity claim against the employer" of the individual Defendants. (Pl.'s Resp. 1–2.) The Plaintiff asserts that although Servier may not be the employer of the individual Defendants, his "representative capacity claim should be permitted to proceed forward, with a substitution of the correctly named ultimate employer (believed to be the State of Indiana, Department of Corrections/Miami Correctional Facility) in place of" Servier. (*Id.* at 2.) The Plaintiff notes that his Notice of Tort Claim, which was sent to the Miami Correctional Facility, Indiana Department of Corrections, and the Indiana Tort Claim Administrator, sufficiently identified and described his negligence claim, including his *respondeat superior* claim against the actual employer.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is GRANTED and Defendant Superintendent Mark Servier is dismissed from this suit. If the Plaintiff desires to amend his pleadings to assert a claim of *respondeat superior* against the employer of the remaining Defendants, he must make the appropriate motion. Any such motion should address the relation back of the proposed amendments.

SO ORDERED on May 11, 2010.

                                       s/ Theresa L. Springmann
                                       THERESA L. SPRINGMANN
                                       UNITED STATES DISTRICT COURT
                                       FORT WAYNE DIVISION