UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GEORGE HEGWOOD-METCALF,     )
     )
    Plaintiff,     )
     )
    v.     )   Case No. 3:09-CV-453 JD
     )
CAPTAIN TRUEX, *et al.*,     )
     )
    Defendants.     )

OPINION AND ORDER

On September 29, 2009, Plaintiff, George Hegwood-Metcalf ("Metcalf"), filed a

Complaint alleging Section 1983 violations of his Constitutional rights and a state law

negligence action. [DE 1]. In the original Complaint, Metcalf asserted that certain John and Jane

Doe staff members of the Miami Correctional Facility, along with Superintendent Mark Sevier

("Sevier"), were negligent or deliberately indifferent to Metcalf's rights when they failed to

protect him from an attack by a fellow prisoner. As a result of the attack, Metcalf alleges that he

suffered a broken eye socket, permanently damaged eyesight, a broken nose, and injured ribs.

On May 7, 2010, Metcalf's first motion to file an amended Complaint was granted, allowing

Metcalf leave to provide the names of the John and Jane Doe Defendants. [DE 19]. Thereafter,

on August 11, 2010, Metcalf's second motion to amend the Complaint was granted, permitting

Metcalf an opportunity to add the State of Indiana, Department of Correction/Miami

Correctional Facility in place of the previously dismissed Defendant, Sevier. [DE 25, DE 26].

On October 27, 2010, the Defendants filed a motion to dismiss this case pursuant to Fed.

R. Civ. P. 12(b)(5), for insufficient service, and pursuant to Fed. R. Civ. P. 12(b)(6), for failure

to state a claim upon which relief could be granted.  [DE 39].  In the motion, the Defendants argue that service was improper because service was made only upon the Indiana Attorney General ("Attorney General") and not also upon the state executive.  Further, the Defendants argue that Metcalf failed to present an argument to justify relation back of his second amended Complaint and that, therefore, Metcalf's second amended Complaint falls outside the statute of limitations.

On November 12, 2010, Metcalf filed a response, conceding that the two year statute of limitations has run in regards to his Section 1983 claims and that dismissal is appropriate as to those claims.  [DE 43].  However, Metcalf asserts that his negligence claim remains.  Metcalf objects to the Defendants' contention that improper service should warrant dismissal of his case. Instead, Metcalf asserts that, because his Section 1983 claims is time-barred, his remaining state-law negligence claim should be dismissed without prejudice and this case should be remanded to state court.

On December 1, 2010, the Defendants filed a reply.  The Defendants contend that remand is not appropriate, as this case was never removed from state court.  Further, the Defendants argue that dismissal of this case should be with prejudice, contending that Metcalf's filing of his state law claim in state court would now be untimely.

## I.  Defendants' Motion to Dismiss. [DE 38]

**A.  Analysis**

### 1. Dismissal under Fed. R. 12(b)(5) for insufficient service.

Fed. R. Civ. P. 12(b)(5) authorizes dismissal of a complaint when a plaintiff provides insufficient service of process on a defendant.  *See also Pike v. Decatur Memorial Hospital,*

2005 WL 2100251, at *1 (S.D. Ind. 2005). When service of process is insufficient, the court

lacks personal jurisdiction over the defendant. *Pike*, 2005 WL 2100251 at *1 (noting similarities

between a 12(b)(5) motion to dismiss for insufficient service and a 12(b)(2) motion to dismiss

for lack of personal jurisdiction). *See also Rabiolo v. Weinstein*, 357 F.2d 167, 168 (7th Cir.

1966); *Evans v. Indiana*, 908 N.E.2d 1254, 1258 (Ind. App. 2009). In determining whether

service was proper, the court reviews the facts in a light most favorable to the non-moving

plaintiff and may consider affidavits and other documentary evidence. *Pike*, 2005 WL 2100251

at *1. Nevertheless, the burden rests on the plaintiff to demonstrate that the defendant has been

properly served. *Id.*

The Defendants argue that Metcalf provided insufficient service of process because he

only served the Attorney General and failed to also serve the executive officer of the

governmental organization, the Indiana Department of Corrections. As such, the Defendants

contend that dismissal is warranted under Fed. R. Civ. P. 12(b)(5) for lack of personal

jurisdiction.

Fed. R. Civ. P. 4(j)(2) provides that service upon a state governmental organization

requires "delivering a copy of summons and of the complaint to its chief executive officer or by

serving the summons and complaint in the manner prescribed by the law of that state for the

service of summon or other like process upon any such defendant." Metcalf did not do the

former and must, therefore, rely on the latter. Under Indiana law, service upon a state

governmental organization may be made "upon the executive officer thereof and also upon the

Attorney General." Ind. Trial Rule 4.6(A)(3). *See also Evans*, 908 N.E.2d at 1258 (holding that

both must be served to effectuate proper service).

Metcalf does not dispute that he only served the Attorney General. As such, under the Rules, the Defendants are correct that service was not complete against the newly-added defendant. Nevertheless, Metcalf's imcomplete service does not warrant dismissal for lack of personal jurisdiction. *See Evans*, 908 N.E.2d at 1258-59 (quoting Ind. Trial R. 4.15(F))("No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond.").

The State of Indiana, Indiana Department of Corrections does not argue that it is unaware or has been previously unaware of Metcalf's *repondeat superior* claim. Indeed, as explained in greater detail at a latter point in this Order, the Indiana Department of Corrections had constructive notice of Metcalf's *respondeat superior* claim, given Metcalf's numerous filings against Sevier, its officers and the Court's substantial treatment of the same. *See* Court's discussion regarding constructive notice, *infra* at 8-14. Further, even more persuasive in this regard, Deputy Attorney General Scott L. Barnhart ("Barnhart") has entered an appearance on behalf of all of the state defendants in this case, including the State of Indiana, Indiana Department of Corrections. *See* DE16 and DE 34. This fact has been considered sufficient to establish that an improperly-served state defendant had actual notice of the claims against it. *See Evans*, 908 N.E.2d at 1258-59 (holding that Attorney General's appearance on behalf of improperly served state defendant was sufficient to evidence actual notice of a plaintiff's claims and to warrant against dismissal for improper service). *See also Reed Sign Serv., Inc. v. Reid*, 755 N.E.2d 690, 696 n.5 (Ind. App. 2001) ("actual notice following service attempts is strong evidence that the attempts were 'reasonably calculated to inform'"). Further, reviewing

Metcalf's summons receipt and second amended complaint, it is clear that Metcalf made some attempt to identify the proper party when serving the amended complaint. *See Evans*, 908 N.E.2d at 1259 (concluding that a summons, itself, was reasonably calculated to inform a Defendant wherein the intended defendant was specifically identified in the summons). Specifically, the Court notes that the process receipt of Metcalf's summons, indicates that Metcalf issued summons upon the "State of Indiana, c/o Indiana Attorney General." *See* DE 31. In addition, the amended complaint at issue, presumably attached to the summons executed by the U.S. Marshals Service, clearly identifies the "State of Indiana, Department of Correction/Miami Correctional Facility" in the caption and later in the third paragraph, asserting that the "State of Indiana, Department of Correction/Miami Correctional Facility" was the employer of the Defendant prison guards.

Consequently, the summons properly served upon the Attorney General; the Attorney General's entry of appearance on behalf of the State of Indiana, Department of Corrections/Miami Correctional facility; the summons' identification of the State of Indiana as the attempted party to be served ; and the numerous other filings made in this case, including the prior summonses served upon the other state defendants represented by Barnhart, were reasonably calculated to inform the newly-added Indiana Department of Corrections of this action. *Evans*, 908 N.E.2d at 1258-59. As such, dismissal under Fed. R. Civ. P. 12(b)(5) for lack of personal jurisdiction is not warranted in this instance. *Id.* Accordingly, the Court **DENIES IN PART** the Defendants motion to dismiss in this respect.

### 2. Dismissal under Fed. R. 12(b)(6) due to timeliness of Complaint

Fed. R. Civ. P. 12(b)(6) authorizes dismissal if the complaint fails to sets forth a claim

upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When analyzing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977-78 (7th Cir. 1999). However, a plaintiff's claims are subject to dismissal if the plaintiff can not present any set of facts to justify the requested relief. *Id.* at 978; *Scott v. City of Chi.*, 195 F.3d 950, 951 (7th Cir. 1999).

The Defendants argue that Metcalf's claims are time-barred under the relevant statute of limitations. In particular, the Defendants assert that both Metcalf's Section 1983 and state law negligence claims are subject to a two-year statute of limitations. *See Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 699-700 (7th Cir. 2005); *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council,* 406 F.3d 926, 929 (7th Cir. 2005); *Perez v. Sifel,* 57 F.3d 503, 505 (7th Cir. 1995). Because Metcalf's second amended complaint was filed beyond the two-year time period, the Defendants assert that all of Metcalf's claims should be dismissed under Fed. R. Civ. P. 12(b)(6). The Defendants point out that Metcalf has not explained why his second amended complaint should be considered to "relate back" for purposes of the relevant statute of limitations.

a. Metcalf's voluntary dismissal of his federal claims.

In response, Metcalf concedes that his federal Section 1983 claims should be dismissed as time-barred under the relevant statute of limitations. Acknowledging the parties' agreement in this regard, those claims are now **DISMISSED WITH PREJUDICE**.

b. Metcalf's remaining state law claim.

Consequently, the parties agree that only Metcalf's state law negligence claim remains

pending before this Court.  Metcalf does not address the Defendants' arguments regarding the

statute of limitations or relation back of this claim.  Instead, Metcalf asserts that the negligence

claim should be dismissed without prejudice so that Metcalf can re-file his state law claim in

state court.[1]  The Defendants reply by arguing that dismissal should be with prejudice, due to the

expired statute of limitations.

i. Relation back under Fed. R. Civ. P. 15(c).

The Defendants' argument regarding Metcalf's failure to adequately discuss the issue of

relation back is not persuasive.  Metcalf's motion for leave to file his second amended

complaint, [DE 25], stated that the second amended complaint was intended to relate back.

Metcalf was later granted leave to file his amended complaint due to the Defendants' failure to

respond or otherwise object.  [DE 26].  Given the Court's prior order, the issue of relation back

has already been conceded by the Defendants and affirmatively established.  [DE 26]. *See*

N.D.L.R. 7.1(a) ("Failure to file a response or reply within the time prescribed may subject the

motion to summary ruling."). Nevertheless, in an effort to rule substantively rather than

procedurally, it is prudent to additionally provide an explanation regarding why relation back is

appropriate in this case.

Under certain circumstances, Fed R. Civ. P. 15(c) permits "relation back" of an amended

complaint to the date that the original complaint was filed, even after the statute of limitations

period has run.  Fed. R. Civ. P. 15(c). *Latson v. Ethicon Inc.*, 2009 WL 2611898, *2 (N.D.Ind.

---

[1]Metcalf additionally requests that this case be remanded to state court.  However, Metcalf's claims were never removed but were originally filed in this Court.  Metcalf offers no authority to justify remand under these circumstances.  As such, the proper inquiry is not whether remand is appropriate, but whether Metcalf's remaining state law claim should be dismissed without prejudice, permitting Metcalf an opportunity to re-file the claim in state court.

2009); *Mitchell v. CFC Financial LLC*, 230 F.R.D. 548, 549 (E.D.Wis. 2005). The purpose of allowing relation back is to prevent the barring of a legitimate legal claim because a plaintiff mistakenly identified the party to be sued. *Woods v. Ind. Univ. - Purdue Univ. at Indianapolis*, 996 F.2d 880, 882-83 (7th Cir. 1993); *Latson*, 2009 WL 2611898 at *2; *Mitchell*, 230 F.R.D. at 549; *Hill v. Shelander*, 924 F.2d 1370, 1375-76 (7th Cir. 1991) ("[This rule] ... recognizes that legitimate legal claims may not be squelched when a party mistakenly identifies a party to be sued within the meaning of Rule 15(c)").

As such, Rule 15(c) should be interpreted in accordance with the general practice of liberally construing the Federal Rules of Civil Procedure to "see[] that cases are tried on the merits and to dispense with technical procedural problems." *Latson*, 2009 WL 2611898 at *3; *Woods v. Ind. Univ. - Purdue Univ. at Indianapolis*, 996 F.2d 880, 882-83 (7th Cir. 1993)("the Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and affect the principle that the purpose of pleading is to facilitate a proper decision on the merits"); *Mitchell*, 230 F.R.D. at 549-550; *Hill*, 924 F.2d at 1375-76; *Capdevila v. Sheahan*, 1995 WL 399690, at *2 (N.D. Ill. 1995). Consequently, so long as the purposes of the rule are satisfied, courts should freely grant leave to amend. *Latson*, 2009 WL 2611898 at *3; *Mitchell*, 230 F.R.D. at 549-550 ("the purpose of the relation back concept is to permit a claim to be tried on its merits rather than being dismissed based on a technicality so long as the purpose underlying the statute of limitations has been satisfied"); *Hill*, 924 F.2d at 1375-76.

The first requirement of the rule is that the claim asserted in the amended pleading must arise from the same conduct, transaction or occurrence as did the original claim. Fed. R. Civ. P.

15(c)(1)(B). *Latson*, 2009 WL 2611898 at *3; *Mitchell*, 230 F.R.D. at 550; *Worthington v. Wilson*, 790 F.Supp. 829, 833 (C.D.Ill. 1992). The second requirement is that the new defendant must have received notice of the institution of the action within 120 days of the filing of the original complaint. Fed. R. Civ. P. 15(c)(1)(C); Fed. R. Civ. P. 4(m). *Latson*, 2009 WL 2611898 at *3; *Mitchell*, 230 F.R.D. at 550; *Worthington*, 790 F.Supp. at 833. *See also Woods v. Ind. Univ. - Purdue Univ. at Indianapolis*, 996 F.2d 880, 888 (7th Cir. 1993)("[n]otice, as that term is employed in the rule, serves as the means for evaluating prejudice."). The third requirement necessitates both: (1) that the new defendant received such notice of the action that it would not be prejudiced in defending on the merits,[2] and (2) that the new defendant knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Rule 15(c)(1)(C)(I), (ii). *Latson*, 2009 WL 2611898 at *3; *Wiesner v. Fontaine Truck Equipment Co., Inc.*, 2007 WL 4522612, at *2 (N.D.Ill. 2007); *Mitchell*, 230 F.R.D. at 550.

The first two requirements are easily met in the immediate case. First, there can be no dispute that Metcalf's *respondeat superior* claim arises from the same conduct, transaction or occurrence as was first alleged in the original and first amended complaints. Indeed, Metcalf's *respondeat superior* claim can be found in all three of his complaints and arises from the same

---

[2]Many courts consider the most prominent factors for Rule 15(c) consideration to be whether the added defendants received adequate notice and whether the same would be prejudiced by the plaintiff's late filing. *Latson v. Ethicon Inc.*, 2009 WL 2611898, *4 (N.D.Ind. 2009). *See also* 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1498 (2d ed. 1990 & Supp. 2010) [hereinafter WRIGHT, MILLER & KANE]; 12 A.L.R. Fed. 233 § 7[a]).

An approach that better reflects the liberal policy of Rule 15(c) is to determine whether the adverse party, viewed as a reasonably prudent person, ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of the conduct, transaction, or occurrence set forth in the original pleading might be called into question.

*Woods v. Ind. Univ. - Purdue Univ. at Indianapolis*, 996 F.2d 880, 882-83 (7th Cir. 1993)(quoting 6A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1497 (2nd ed. 1990 & Supp. 1992)).

facts originally plead, the alleged prisoner assault. *See* DE 1 at 2, DE 11 at 2; DE 20 at 2.

Similarly, there is no question that the newly-added state defendant, "State of Indiana, Department of Correction, Miami Correctional Facility," had both actual and constructive notice of the *respondeat superior* claim within the relevant time period. Notice may either be actual or constructive, so long as the newly-named party was made aware of the issues in the complaint. *Mitchell*, 230 F.R.D. at 550; *Woods*, 996 F.2d at 888. In particular, based on the protracted history of this case and the number of filings made and served by Metcalf, it can be reasonably concluded that the Indiana Department of Corrections had notice of Metcalf's claims. At the risk of belaboring the issue, a procedural history is helpful here to note the multiple instances in which notice was made.

On July 4, 2008, while then residing at the Miami Correctional Facility, Metcalf filed a Tort Claim Notice with the State Tort Claim Administrator, accusing staff at the facility of failing to protect him from a violent assault. DE 1-2. Therein, he named as witnesses, Correctional Captain Goodlow, Correctional Officer Bolman, and the Correctional Internal Investigator, all staff at the Miami Correctional Facility. DE 1-2 at 1. Further, Metcalf contended that the assault was the result of Indiana Department of Correction policies and procedures that were not being followed. DE 1-2 at 2.

Thereafter, on September 29, 2009, Metcalf filed his original complaint, naming Sevier in his official capacity and several unidentified Miami Correctional Facility staff as Defendants. DE 1. In the same complaint, Metcalf alleged that Sevier was the employer of the unnamed staff members. DE 1 at 2. Finally, Metcalf attached a copy of the Tort Claim Notice to the amended complaint. DE 1-2. Summons was issued on Sevier on October 27, 2009. On November 25,

2009, Deputy Attorney General Eric P. Overpeck ("Overpeck") entered his appearance on behalf of Sevier. DE 7.

Before the Defendant answered on December 7, 2009, Metcalf moved to amend his complaint for the first time. DE 10; DE 11. In the motion, Metcalf indicated that the first amended complaint related back to the first. DE 10. The docket reflects that notice of the motion was sent to attorney Overpeck through the Court's CM/ECF system. In the amended complaint, Metcalf replaced the unknown John and Jane Doe Defendants with Officer Bolman and Captains Goodlow, Truex and Tucker. DE 11 at 1-2. In addition, Metcalf re-asserted that Sevier was the employer of the aforementioned officers, DE 11 at 2, and again attached a copy of the Tort Claim Notice to the amended complaint, DE 11-2. The Court's docket also reflects that notice of the amended complaint was sent to attorney Overpeck through the Court's CM/ECF system. On the same day, Deputy Attorney General Eric J. Beaver ("Beaver"), entered his appearance on behalf of Sevier. DE 12.

Three weeks later, Sevier filed his first motion to dismiss. DE 13. Therein, Overpeck acknowledged Metcalf's Section 1983 and state tort claims, as well as Metcalf's *respondeat superior* theory of liability against Sevier. DE 13 at 1-2; DE 14 at 1-2, 5-7. However, Overpeck indicated that Sevier is not the employer of the named staff members of Miami Correctional Facility. *Id.* Instead, Overpeck cited two Indiana statutes regarding employment of prison staff. DE 14 at 6-7. I.C. § 11-8-2-5 (discussing duties of the Commissioner of the Department of Correction); I.C. § 11-8-2-8 (highlighting the general applicability of state personnel policies to prison staff).

Recognizing his deficiency, on January 4, 2010, Metcalf filed a response, abandoning his

Section 1983 claim against Sevier but clearly asserting his intention to amend his complaint to name the proper employer of the prison staff named in the original complaint. DE 15. Further, Metcalf asserted that the then-unnamed state employer had been placed on notice of the pending state law claim through his Tort Claim notice and his prior pleadings. DE 15 at 2. The Court's docket reflects that notice of Metcalf's response was sent to Overpeck and Beaver through the Court's CM/ECF system.

On January 27, 2010, Barnhart filed a notice of appearance on behalf of Sevier and a motion to substitute his representation for that of Overpeck. DE 16 and 17. The Court granted the motion the next day. Up to and including this filing, all of the aforementioned actions took place within 120 days of Metcalf's originally filed complaint. *See* Fed. R. Civ. P. 15(c)(1)(C); Fed. R. Civ. P. 4(m). *Latson*, 2009 WL 2611898 at *3; *Mitchell*, 230 F.R.D. at 550; *Worthington*, 790 F.Supp. at 833.

On May 7, 2010, the Court granted Metcalf's first amended complaint. DE 19. Five days later, on May 11, 2010, the Court granted Sevier's motion to dismiss, dismissing Metcalf's claims against Sevier. DE 20. However, acknowledging Metcalf's intention to amend and name the correct employer, the Court additionally concluded "[i]f [Metcalf] desires to amend his pleadings to assert a claim of *respondeat superior* against the employer of the remaining Defendants, he must make the appropriate motion. Any such motion should address the relation back of the proposed amendments." DE 20 at 4. The docket indicates that notice of the Court's order was sent to Barnhart and Beaver via the Court's CM/ECF system.

On July 21, 2010, in response to the undersigned's request for a status report, Metcalf noted his concurrent filing of a motion to amend the complaint to assert a *respondeat superior*

claim against the "State of Indiana, Department of Corrections/Miami Correctional facility." DE 24. Metcalf's status report and motion to amend were served upon Officer Bolman and Captains Goodlow, Truex and Tucker c/o the Miami Correctional Facility on the same day. DE 24 at 2; DE 25 at 3. Metcalf's motion to amend named the aforementioned as the correct party and asserted that his "Second Amended Complaint relates back to the date of filing of the original Complaint." DE 25.

As stated previously, the Defendants did not respond to Metcalf's second amended complaint. As such, on August 11, 2010, the Court treated the motion as uncontested and summarily granted the motion to amend, pursuant to N.D.L.R. 7.1. DE 26. On September 10, 2010, summons was returned executed on the State of Indiana c/o the Attorney General, Captain Tucker c/o Miami Correctional Facility, and Captain Goodlow, c/o Miami Correctional Facility. DE 31; DE 32; DE 33. On September 24, 2010, Barnhart filed a notice of appearance on behalf of Captains Goodlow, Tucker and Truex and the State of Indiana Department of Correction/Miami Correctional Facility. DE 34. On September 29, 2010, summons was also returned executed on Captain Truex, c/o Miami Correctional Facility. DE 37. Shortly thereafter, on October 27, 2010, the Defendants filed the immediate motion to dismiss, arguing that Metcalf's second amended complaint should not be permitted relation back. They do not contend that they either lacked notice of Metcalf's *respondeat superior* claim or that they are somehow prejudiced in presenting a defense because of the amendment. DE 38.

At all times, the state defendant was undoubtedly aware of Metcalf's *respondeat superior* claim against the Indiana Department of Corrections, initially through the State Tort Claim Administrator, later through the numerous filings served upon the Attorney General's office and

staff members of the Miami Correctional Facility, often times sent "c/o" the Facility itself, through the prior rulings of this Court that discussed the status of the claim, and through the consistent representation by the same attorneys at the Attorney General's office, notably attorney Barnhart. All of which suffices to create both actual and constructive notice of Metcalf's *respondeat superior* claim. *Mitchell*, 230 F.R.D. at 550 (notice may be actual or constructive, so long as the newly-named party was made aware of the issues in the complaint); *Woods*, 996 F.2d at 888. *See also Evans*, 908 N.E.2d at 1259 (holding that Attorney General's appearance on behalf of improperly served state defendant was sufficient to evidence actual notice of Plaintiff's claims and to warrant against dismissal for improper service); *Capdevila v. Sheahan*, 1995 WL 399690, at *3 (N.D. Ill. 1995) (finding constructive notice to be applicable to a Sheriff for the purposes of Rule 15(c), where the Sheriff's Department, but not the Sheriff himself, had received actual notice of the plaintiff's complaint). *Cf. Latson v. Ethicon Inc.*, 2009 WL 2611898, *4 (N.D.Ind. 2009) (a court may find it reasonable to impute notice to the new defendant if there is a sufficient identity of interest between the original and new defendant); *Mitchell*, 230 F.R.D. at 550 ("Identity of interest may be present . . . when original and new corporate defendants . . . share legal counsel and counsel is likely to have communicated to the new defendant that it may be joined in the action"); 6A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1499 (2nd ed. 1990 & Supp. 1992) ("When the named defendant and the party that the plaintiff actually intended to sue have an "identity of interest," an amendment adding the proper party will relate back if the other requirements of Rule 15(c)(1)(C) have been satisfied."). Consequently, the Indiana Department of Corrections can not reasonably assert that it lacked notice of Metcalf's *respondeat superior* claim, nor that the late-amended complaint has in

someway prejudiced its ability to make a defense.

Finally, the Indiana Department of Corrections knew, or should have known, that Metcalf's *respondeat superior* claim would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ P. 15(c)(1)(C)(i), (ii). *Latson*, 2009 WL 2611898 at *3; *Wiesner v. Fontaine Truck Equipment Co., Inc.*, 2007 WL 4522612, at *2 (N.D.Ill. 2007); *Mitchell*, 230 F.R.D. at 550.

Mistakes fall into three broad categories. *Mitchell*, 230 F.R.D. at 550-51. The first type involves true misnomers, where the correct defendant is already before the court but a plaintiff misstates the name of the defendant. *Mitchell*, 230 F.R.D. at 550; *Olsen v. Marshall & Isley Corp.*, 2000 WL 34230095 at *3 (W.D.Wis. 2000). Courts consistently allow relation back when plaintiffs make mistakes of this type because the correct defendant is already before the court, is aware that it is being sued, and will suffer no prejudice from the amendment. *Mitchell*, 230 F.R.D. at 550.

The second type of mistake involves mistaken identity. In such cases, a plaintiff seeks to amend to substitute a new defendant to correct its failure to name the legally responsible entity. *Mitchell*, 230 F.R.D. at 550. This type often encompasses mistakes of law, such as when the underlying claim has not changed but the legally responsible institutional or individual party has been mistakenly identified. *See e.g. Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 557, 560 (7th Cir. 1996) ("A legal mistake concerning whether to sue an institutional or individual defendant brings the amendment within the purview of [Rule 15(c)]"); *Woods v. Ind. Univ. - Purdue Univ. at Indianapolis*, 996 F.2d 880, 882-83, 887 (7th Cir. 1993) (finding mistake, where a plaintiff originally named a state

university, immune from Section 1983 suits under Eleventh Amendment immunity, rather than the individual employees of the university, and concluding "if it had not been for counsel's legal blunder, those individuals would have been the direct targets of the complaint from the outset"); *Olsen v. Marshall & Isley Corp.*, 2000 WL 34230095 at *3 (W.D.Wis. 2000); *Capdevila v. Sheahan*, 1995 WL 399690, at **4-6 (N.D.Ill. 1995) (finding mistake, where a plaintiff named the Sheriff's Department, but not the Sheriff himself, in his original complaint, and concluding "[the plaintiff] made a mistake of law, choosing to bring suit against a nonsuable state agency instead of the real party in interest, its director."); *Foster v. Unknown Cook Cnty. Deputy Sheriff*, 914 F.Supp. 221, 224 (N.D.Ill. 1995) (finding mistake under nearly identical facts as the immediate case, wherein a plaintiff originally named the wrong institutional party for a *respondeat superior* claim, and concluding "the Sheriff knew or should have known that, but for the plaintiff's misunderstanding of Illinois law, he would have been named in the original complaint."). *But see Hall v. Norfolk Southern Railway Co.*, 469 F.3d 590, 597-98 (7th Cir. 2006)(characterizing the *Woods* decision as an "outlier", though not overruling the decision, and suggesting that the *Donald* holding was attributable to the *pro se* status of the plaintiff). Many courts allow relation back in such cases. *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 557, 561 (7th Cir. 1996); *Mitchell*, 230 F.R.D. at 550; *Olsen v. Marshall & Isley Corp.*, 2000 WL 34230095 at *3 (W.D.Wis. 2000); *Capdevila v. Sheahan*, 1995 WL 399690, at **5-6 (N.D. Ill. 1995); *Cook Cnty. Deputy Sheriff*, 914 F.Supp. 221, 224-25 (N.D.Ill. 1995).

The third type of mistake involves situations where the plaintiff lacks knowledge of a correct defendant's identity at the outset of the litigation, either because the plaintiff had no idea

that the new defendant existed or knew that it existed but did not know its name and therefore sued a "John Doe" defendant. *Mitchell*, 230 F.R.D. at 551. Most courts do not allow relation back in such situations, concluding that being unaware that another potential defendant exists is a lack of knowledge but not a mistake. *Hall v. Norfolk Southern Railway Co.*, 469 F.3d 590, 596 (7th Cir. 2006); *Mitchell*, 230 F.R.D. at 551; *Worthington v. Wilson*, 790 F.Supp. 829, 834 (C.D.Ill. 1992). *See also Olsen v. Marshall & Isley Corp.*, 2000 WL 34230095 at *3 (W.D.Wis. 2000) ("A deliberate, conscious choice not to name a party that benefits the plaintiff does not qualify as a mistake.").

The immediate case involves the second type of mistake, a mistake of law regarding who is the proper legal entity to sue. Indeed, the facts and circumstances are nearly identical to those in the *Capedevila* and *Foster* cases, both of which found a mistake and relation back where the plaintiff's mistake in naming the proper state defendant was the result of a mistake of law. *Capdevila v. Sheahan*, 1995 WL 399690, at **4-6 (N.D.Ill. 1995); *Foster v. Unknown Cook Cnty. Deputy Sheriff*, 914 F.Supp. 221, 224 (N.D.Ill. 1995). Here, as in *Foster*, Metcalf's attorney failed to name the proper state defendant in regards to a *respondeat superior* claim. *Foster*, 914 F.Supp. at 223-24. Also similar to *Foster*, here, the newly-added state defendant had notice of Metcalf's ongoing attempts to properly bring his *respondeat superior* claim. *Foster*, 914 F.Supp. at 224. As already explained, the Indiana Department of Corrections received actual and constructive notice of this claim. As such, instructed by *Capdevila*, *Foster*, and similar cases, the conclusion regarding the element of mistake is straight-forward. But for Metcalf's mistake of Indiana procedural law regarding the proper state defendant to sue in relation to his *respondeat superior* negligence claim, the Indiana Department of Corrections

would have been named in Metcalf's original complaint.

In sum, because the Indiana Department of Corrections had both actual and constructive notice of Metcalf's *respondeat superior* claim, and because they are not otherwise prejudiced by Metcalf's later-filed amended complaint, the Indiana Department of Corrections knew or should have known that "but for a mistake concerning the identity of the proper party, the action would have been brought against it." Fed. R. Civ. P. 15(c)(1)(C)(ii). As such, Metcalf's amended complaint, asserting a *respondeat superior* claim against the State of Indiana, Department of Corrections/Miami Correctional Facility relates back to the date on which the original complaint was filed.

### ii. Declination of supplemental jurisdiction.

Having dismissed the claims over which there was original jurisdiction, the Court has the discretion to decline exercising supplemental jurisdiction over Metcalf's state law negligence claim, pursuant to 28 U.S.C. § 1367(c)(3). *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966); *Bean v. Wis. Bell, Inc.*, 366 F.3d 451, 456 (7th Cir. 2004); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727-28 (7th Cir. 1998). A district court exercises significant discretion in determining whether to retain such pendent claims, based upon "the principles of considerations of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Cohill*, 484 U.S. at 357; *Gibbs*, 383 U.S. at 726-27.

Given these principles, "when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). *See also*

*United Mine Workers of America v. Gibbs* stating,

> [I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

383 U.S. 715, 726-27 (1966).

However, courts have recognized three exceptions to this general rule: when (1) "the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court;" (2) "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort;" or (3) "when it is absolutely clear how the pendent claims can be decided." *Id.*

Consistent with the general rule, the Court is inclined not to exercise supplemental jurisdiction in this case. However, recognizing that the first exception may be implicated in this case, that the statute of limitations may have run on Metcalf's negligence claim, it is appropriate to first determine whether refusal to exercise supplemental jurisdiction over Metcalf's state law claim will foreclose Metcalf's ability to re-file his claim in state court.

Indiana's Journeys Account Statute, I.C. § 34-11-8-1, permits Metcalf three years to re-file his dismissed case, so long as his original suit was timely and dismissal is not attributable to negligence in Metcalf's prosecution, abatement, or an adverse decision on the merits. *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 265 (7th Cir. 1998); *Vukadinovich v. Bd. of Sch. Trs. of Mich. City Area Schs.*, 776 F.Supp. 1325, 1334 (N.D.Ind. 1991) (citing *Huffman v. Hains*, 865 F.2d 920 (7th Cir. 1989)). *See also* 6 A.L.R.3d § 1043. Having concluded that Metcalf's amended complaint relates back, Metcalf's state law claims are timely for purposes of the statute

of limitations. Further, dismissal in this circumstance would be without prejudice and would not be attributable to negligent prosecution, abatement, or an adverse decision on the merits. As such, it appears that Metcalf is at liberty under the statute to re-file his state law claim in Indiana state court as a "continuing action." *Hemenway*, 159 F.3d at 265; *Vukadinovich*, 776 F.Supp. at 1334.

In addition, although the Indiana savings statute is enough to permit re-filing, the federal supplemental jurisdiction statute, 28 U.S.C. § 1367(d), also provides that the statute of limitations is tolled from the original filing date of a pendant claim, when such a claim is later dismissed by a federal court. *See Hemenway*, 159 F.3d at 265 (explaining that the supplemental jurisdictional statute permits a plaintiff to re-file his pendant claim as a continuation of the original case following dismissal by a federal court through the declination of supplemental jurisdiction).

Under either approach, Metcalf's ability to re-file is not foreclosed. Consequently, the Court declines exercising supplemental jurisdiction over Metcalf's negligence claim and considers Metcalf's request for dismissal of the claim without prejudice to be warranted.

### III. Conclusion

For the reasons stated above, the Court **DENIES** the Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 12(b)(6). [DE 38]. Acknowledging the parties' agreement regarding Metcalf's Section 1983 claims, however, the Court **DISMISSES WITH PREJUDICE** Metcalf's federal claims. In regards to Metcalf's state law negligence claim, the Court considers the claim to relate back to the date of the original complaint, but declines to exercise supplemental jurisdiction. The state law claim is **DISMISSED WITHOUT**

**PREJUDICE**.

SO ORDERED.

ENTERED: April 28, 2011

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court